IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDAO SILBAUGH, Individually and on behalf of all others similarly situated, 227 Nelmar Drive Painesville, OH 44077<br><br>Plaintiff,<br><br>vs.<br><br>VIKING MAGAZINE SERVICES In care of its agent for service of process Business Filings Incorporated 4400 Easton Commons Way, Suite 125 Columbus, OH 43219<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR**<br><br>**CLASS ACTION** |

Now comes, Andao Silbaugh, individually and as representative of all others similarly situated, and for her Class Action Complaint states:

### INTRODUCTION

This is a class action brought by Andao Silbaugh, individually and as a putative representative, against Viking Magazine Services ("Defendant"). Defendant has been sending marketing text messages to cell phones in violation of federal law. Plaintiff seeks to stop Viking from sending these text messages and recover between $500-1,500 for each recipient of a text message from Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which makes these commercial text messages illegal.

### PARTIES

1. Plaintiff Andao Silbaugh (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Lake and City of Painesville.

2. Defendant Viking Magazine Services (hereinafter "Defendant") is a foreign corporation headquartered in Minnesota and registered with the Ohio Secretary of State to do business in Ohio. Defendant provides consumers with products such as magazine subscriptions.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Venue is proper in this district pursuant to 47 U.S.C. § 227(g)(4) because Defendant transacts business in this District and the violations occurred and are occurring in this District.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events at issue occurred in this district and Defendant is registered to do business in this district.

## THE TELEPHONE SUBSCRIBERS PROTECTION ACT

6. The Telephone Subscribers Protection Act (47 U.S.C. § 227, et seq.) ("TCPA") regulates the types of calls that can be made to telephone subscribers.

7. The TCPA states, in relevant part:

(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
　(A) to make any call (other than a call made…with the prior express consent of the called party) using any automatic telephone dialing system …
…(iii) to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call.

8. A text message is a data call which is sent to a cell phone. When a text message is sent to a recipient's phone, the phone rings to alert the recipient that they received a message.

2

9. Text message calls can cost the recipients money, as cell phone providers often charge customers in order to receive text messages.

10. The Federal Communications Commission has interpreted "phone call" to include text messages.[1]

11. Courts have followed the FCC's interpretation that text messages are phone calls for the purposes of the TCPA.[2]

## FACTS

12. Plaintiff has a cell phone and pays for her cellular telephone service.

13. Plaintiff has never expressed consent to receive a phone call or text message from Defendant.

14. Despite this, on February 21, 2010, Plaintiff's cell phone rang. Plaintiff received a text message from Defendant that read:

> "Guess what! You were qualified to receive $250 in free gift cards today ONLY! To find out more call 888-863-5570 now! TXT STOP TO STOP."

15. The phone number in the text message is Defendant's phone number.

16. Defendant sent this text message to Plaintiff using an automatic telephone dialing system which called Plaintiff's phone number and sent this text message to her.

---

[1] "We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service." 18 FCC Rcd 14014, 14115 (FCC 2003). See also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 F.C.C.R. 14014, 14115 (July 3, 2003) and *In the matter of Rules and Regulations Implementing the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003*, 19 F.C.C.R. 15927, 15931, 15933, 15934 (Aug. 4, 2004).

[2] See: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. Cal. 2009); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010); *Pollock v. Island Arbitration & Mediation Inc.*, 2008 NY Slip Op 28452 (N.Y. City Ct. 2008); *Abbas v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697 (N.D. Ill. Dec. 14, 2009); *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 (N.D. Cal. Mar. 12, 2010); *Kramer v. Autobytel*, Inc., 2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010).

17. Plaintiff pays money to her cell phone provider in order to receive text messages.

18. Upon calling the phone number in the text message, Defendant's agent identified herself and stated that she was working for Defendant, and that the text message which was sent out was sent out by Defendant. Defendant's agent then attempted to sell Defendant's magazine subscription service.

19. This text message, and all similar or identical text messages sent by Defendant, is an unsolicited advertisement or telephone solicitation for purposes of the TCPA.

## CLASS ALLEGATIONS

20. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

21. Defendant and its agents have made, and continue to make, unsolicited commercial text message calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

22. These calls were made without the prior express consent of Plaintiff or the class members.

23. Plaintiff brings this action on behalf of herself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who received text message calls from Defendant's automatic telephone dialing system without giving Defendant prior express consent.

24. This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

4

25. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

- Whether the subject calls were auto-dialed
- Whether the subject calls are covered by the TCPA
- Whether the subject calls violate the TCPA
- Whether the class members are entitled to relief under the TCPA

26. Defendant has engaged in the same conduct regarding all of the other members of the class asserted in this suit.

27. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

28. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

29. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

30. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

31. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the

maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## FIRST CLAIM FOR RELIEF
### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

32. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

33. Plaintiff did not have an established business relationship with Defendant or expressly consent to receive phone calls from Defendant.

34. Defendant sent an unsolicited text message call using a computerized automatic telephone dialing system to Plaintiff's cellular telephone.

35. Plaintiff's phone number was assigned to a cellular telephone service, and Plaintiff pays money in order to receive text messages.

36. These unsolicited text messages were in violation of 47 U.S.C. 227(b)(1)(A)(iii).

37. Defendant has acted in the same way toward all members of the class.

38. As a result of these text messages, Plaintiff and the class suffered damages.

## SECOND CLAIM FOR RELIEF
### Injunction and Request for Restraining Order

39. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

40. Unless restrained and enjoined, Defendant will not cease and desist the conduct described above.

41. Plaintiff and the class have no adequate remedy at law to prevent Defendant from continuing this conduct in violation of law.

42. The TCPA provides for injunctive relief against continuing violations, stating:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE** demand judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For an preliminary and thereafter permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs and attorney fees necessarily incurred herein; and

6. For such other or further relief to which Plaintiff and the class are entitled.

Respectfully submitted,

*/s/ Patrick J. Perotti*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email:  pperotti@dworkenlaw.com
          nfiorelli@dworkenlaw.com

*Counsel for Plaintiffs*