UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION

ANDAO SILBAUGH,

        Plaintiff,

vs.

VIKING MAGAZINE SERVICES,

        Defendant.

CASE NO. 1:11-CV-01299

JUDGE PATRICIA A. GAUGHAN

## CLASS ACTION SETTLEMENT AGREEMENT; PRELIMINARY APPROVAL ORDER (Exhibit A); CLASS NOTICE (Exhibits B-1, B-2, B-3); FINAL APPROVAL ORDER & JUDGMENT (Exhibit C); CONSENT DECREE (Exhibit D); PARTIAL LIST OF CLASS MEMBERS (EXHIBIT E); FACEBOOK NOTICE MEMORANDUM (EXHIBIT F).

IT IS HEREBY STIPULATED AND AGREED by and between Andao Silbaugh

(the "Class Representative"), on behalf of herself and all others similarly situated, on the one

hand, and Viking Magazine Services ("Viking"), on the other hand, as set forth below:

### I.     The Conditional Nature of This Stipulation.

This Class Action Settlement Agreement and all associated exhibits or

attachments (the "Settlement Agreement") is made for the sole purpose of attempting to

consummate settlement of this action on a class-wide basis. The Settlement Agreement is made

in compromise of disputed claims. Because this action was pled as a class action, this settlement

must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter

into this Stipulation and associated settlement on a conditional basis. In the event that the Court

does not execute and file the Order Granting Final Approval of Settlement, or in the event that

the associated Judgment does not become Final for any reason, this Settlement Agreement shall

be deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Settlement Agreement shall, in accordance with the provisions of Federal Rule of Evidence 408 and any similar state law, not be used as evidence.

Viking denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation. Viking has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, Viking does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.

## II.     The Parties to this Settlement Agreement.

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of herself and each of the Class Members), with the assistance and approval of Class Counsel; and (ii) Viking with the assistance of its counsel of record in the Litigation. The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

## III.    Defendants' Denial of Wrongdoing or Liability.

Viking denies all of the claims and contentions alleged by the Class Representative in the Litigation. Nonetheless, Viking has concluded that further conduct of the Litigation is likely to be protracted and expensive, and that it is desirable that the Litigation be

fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  Viking has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation.  Viking has therefore determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

IV.     **Terms of the Settlement.**

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for herself and the Class Members), and Viking, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Settlement Agreement.

1.     Definitions.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Viking" means Viking Magazine Services.

1.2     "Viking Releases" means Viking and each of its parents, affiliates, subsidiaries, owners, representatives, agents, officers, shareholders, partners, directors, employees, contractors, successors and/or assigns.

1.3     "Class" means the collective group of those individuals defined as follows:

All persons sent Viking texts with an ATDS (automated telephone dialing system) from February 14, 2011 and March 11, 2011.

1.4    "Class Counsel" means the law firm of Dworken & Bernstein Co., L.P.A.

1.5    "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

1.6    "Class Notice" means collectively the "Summary Notice" and the "Full Notice" to be approved by the Court substantially in the forms attached hereto as Exhibits B1, B2, and B3.

1.7    "Court" means the United States District Court for the Northern District of Ohio.

1.8    "Effective Date" means the date on which the Judgment becomes Final.

1.9    "Final" means: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval & Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.10    The "Litigation" or the "Lawsuit" means the lawsuit entitled ANDAO SILBAUGH, individually and on behalf of all others similarly situated v. VIKING MAGAZINE SERVICES, Defendant, United States District Court for the Northern District of Ohio, Civil Action No. 2:11-CV-01299.

1.11    "Notice Publication Deadline" means the deadline for notice to issue and/or be published, which is thirty (30) days after the Preliminary Approval Date.

1.12    "Notice Response Deadline" means the date thirty (30) days after Facebook publication notice ends, as more fully detailed below.

1.13    "Order of Final Approval & Judgment" means an order to be entered and filed by the Court substantially in the form attached hereto as Exhibit C.

1.14    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who either (a) properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice OR (b) is on the Partial List of Class Members attached hereto as Exhibit E (version filed with the Court will be redacted for privacy, but is available for in-camera inspection) and does not opt-out of this Settlement.

1.15    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.16    "Preliminary Approval Order" means an order to be executed and filed by the Court substantially in the form attached hereto as Exhibit A.

1.17    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to    Dworken & Bernstein Co. LPA, Attn:  Viking Magazine Services Settlement, 60 South Park Place, Painesville, Ohio 44077, postmarked within thirty (30) days of the Notice Response Deadline.

1.18    "Released Claims" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against Viking that accrued at any time on or prior to the Effective Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs,

restitution, or equitable relief, based on any and all claims in any way related to the Litigation, including, but not necessarily limited to, Viking sending text messages via an automatic telephone dialing system to consumers who did not provide a prior consent to receive them.

1.19    "Settlement Claim Certification Form" means the form attached to the Summary Notice, in the same or substantially the same manner as set forth in Exhibit B1.

1.20    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

1.21    "Settling Parties" means Viking and the Class Representative on behalf of herself and all Members of the Settlement Class.

1.22    "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that Viking's obligations for payment and distribution of the Settlement under this Settlement Agreement are conditioned upon, amongst other things, the occurrence of the Effective Date.

1.23    "Settlement Payment" means the payment of up to $500.00 to be issued to each Participating Claimant in accordance with the terms of this Settlement Agreement.

2.    The Settlement.

2.1    *Consideration:* Viking will pay a total amount of $300,000.00 ("Settlement Fund") to Class Counsel who as Settlement Administrator will distribute the funds as follows:

- $20,000 – Publication Notice Fund

- $160,000 –Participating Claimants' Fund. Settlement Payments shall be paid from this fund. The cost of postage to mail Settlement Payments to Participating Claimants shall also be paid from this Fund;

- $5,000 – Incentive Payment to Andao Silbaugh;

- $100,000 – Payment to Class Counsel for attorneys' fees and costs;

- $15,000 – Payment to Class Counsel for Settlement Administrator fees;

2.2    *Timing of Payments and Distribution Order*:

2.2.1          Viking agrees to make payments as follows, until the entire $300,000 Settlement Fund is paid to Class Counsel for distribution:

- Within fourteen (14) days after this Court enters the Preliminary Approval Order, Viking shall pay Class Counsel $20,000 to distribute to the Publication Fund portion of the Settlement Fund;

- Within fourteen (14) days after the Effective Date, Viking shall pay $135,000 towards the Settlement Fund;

- Within forty-five (45) days of the Effective Date, Viking shall pay $20,000 towards the Settlement Fund. Every thirty (30) days thereafter, Viking shall pay $20,000 until Viking has paid $300,000 towards the Settlement Fund. (thus after the two initial payments of $20,000 and $135,000, there shall be 7 payments of $20,000 with an 8th payment of $5,000).

2.2.2          Class Counsel will distribute the funds in the following order:

- The first payment of $20,000 shall be applied towards Publication Notice;

- Within fourteen (14) days after there are sufficient funds in the Settlement

Fund to make Settlement Payments to <u>all</u> Participating Claimants, and pay for postage to mail the Settlement Payments to all Participating Claimants, Settlement Payments shall be issued;

- Within fourteen (14) days after there are sufficient funds in the Settlement Fund to pay Andao Silbaugh her incentive payment, such payment shall be issued;

- The next $100,000 shall be paid to Class Counsel for attorneys' fees and costs;

- The next $15,000 shall be paid to Class Counsel for Settlement Administrator fees;

- Any remaining money not distributed (i.e. if less than $20,000 is spent on Notice, and/or if the total value of Settlement Payments to be made to the Participating Claimants is less than $160,000) shall be paid to charities selected by Plaintiff's counsel under the doctrine of cy pres.

2.3     *Settlement Payments to Class Members*

2.3.1   There shall only be one Settlement Payment available per Participating Claimant.

2.3.2   If the number of submitted claims exceeds $160,000.00, each Participating Claimant's $500.00 payment shall be reduced accordingly.

2.3.3   The Settlement Payment will not be replaced if lost or stolen.

2.3.4   The Settlement Payment is not transferrable.

2.3.5 The Settlement Payment will expire within ninety (90) days from the date of issue.

2.3.6 Participating Claimants who fail to cash/deposit their Settlement Payment in a timely fashion shall, like all Class Members, remain subject to the terms of the Judgment.

2.4 *Payment of Costs and Attorney Fees to the Class Representatives.*

2.4.1. Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to recover appropriate costs and attorneys' fees from Viking pursuant to applicable law. Subject to Court approval, Viking will pay Class Counsel $100,000.00 for all attorneys' fees and allowable Litigation costs and expenses. The costs and fees shall be paid from the Settlement Fund in accordance with paragraphs 2.1 and 2.2. Payment made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory or circumstance. The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Settlement Agreement. Viking agrees to support Class Counsel's submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement. Class Counsel shall provide counsel for Viking with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which Viking shall make, Class Counsel and the Class Representative shall alone be

responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

2.4.2. Subject to the occurrence of the Effective Date, Viking will pay Andao Silbaugh Five Thousand ($5,000.00) United States dollars from the Settlement Fund in accordance with paragraphs 2.1 and 2.2. This payment shall constitute full and final compensation and consideration for Ms. Silbaugh's efforts as the Class Representative in the Litigation.

2.5     *Settlement Administration.*

Dworken & Bernstein Co. LPA, one member of Class Counsel, shall administer the Settlement of this matter. Viking shall pay Dworken & Bernstein Co. LPA $15,000.00 for this service. This amount shall be paid from the Settlement Fund in accordance with paragraphs 2.1 and 2.2.

2.6     *Consent Decree:* The Settling Parties shall enter a proposed Consent Decree pursuant to which Viking will agree to continue to abide by the telemarketing requirements of the TCPA. The Proposed Consent Decree is attached hereto as Exhibit D, and shall be submitted to the Court in advance of the Fairness Hearing.

2.7     *Court Approval of Notice to the Class; Settlement Hearing.*

2.7.1. The Settling Parties, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court and shall jointly move for preliminary approval of this Settlement Agreement. Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the

fairness, adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

2.7.2. If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Settling Parties, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to final approval of this Settlement Agreement and entry of the Judgment by the Court.

      2.8    *Notice to Class Members.*

2.8.1. If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, the parties will cause the publication of the Class Notice as set forth more fully below. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1, B2, and B3.

2.8.2. Class Counsel, as Settlement Administrator, will cause an ad containing a link to the Summary Notice appended to this Agreement as Exhibit B-1, to appear on Facebook. The ad shall appear on Facebook no later than thirty (30) days after the Preliminary Approval Date, and for a period of 30 days thereafter. The ad will state:

**Have you received text ads?**

 Click here. You may qualify for a legal settlement payment from Viking Magazine for unsolicited texts.

The entire $20,000 Publication Notice Fund (except for the costs involved with mailing Notice as set forth in 2.85 below) shall be available for advertising on Facebook. For more details about Facebook advertising in general, and the specific advertising plan, see Exhibit F

attached hereto.

2.8.3. The Full Notice appended to this Agreement as Exhibit B-2 shall be referenced in the Summary Notice and, pursuant to the Summary Notice, shall be made available upon request by Class Counsel and Viking.

2.8.4 The Full Notice appended to this Agreement as Exhibit B-3 shall be mailed to those individuals in Exhibit E no later than thirty (30) days after the Preliminary Approval Date. The outside of the envelope shall state: "Notice of Viking Magazine Services Class Action Settlement – this may affect your rights." The cost of mailing this Notice shall be paid for out of the Publication Notice Fund.

2.9     *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

2.9.1. Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s). Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election. The Summary Notice and the Full Notice will advise Class Members of this option.

2.9.2 Class Members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Settlement Class. Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.

2.9.3.     Class Members may also object to the Agreement by filing written objections with the Court no later than the Notice Response Deadline. Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline. The Summary Notice and Full Notice shall advise Class Members of this option. Any objections must be in writing and timely submitted or else they are waived. Class Counsel shall immediately provide any such objections to Viking's counsel and subsequently the Court in the final approval process.

2.9.4. Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Settling Parties shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and Viking shall have no obligations to make any payments under the Settlement Agreement.

2.10     *Releases*.  Upon the Effective Date, the Class Representative and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

2.11          *Claims Administration*.

Within thirty (30) days after the Notice Response Deadline, Dworken & Bernstein Co. LPA shall provide copies of all submitted Settlement Claim Certification Forms to Viking's Counsel and shall indicate whether each such claim was deemed valid or denied. If the claim was denied, the reason shall be given in writing. Within this same time frame, Dworken & Bernstein Co. LPA shall also provide written notice of the denial to the claimant. The notice shall indicate the claim was denied and the reason for the denial.

2.12 *Termination of Settlement*

In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, no payments or Settlement Payments shall be made or distributed by Viking to anyone in accordance with the terms of this Settlement Agreement, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void with no effect on the Litigation whatsoever.

2.13 *Miscellaneous Provisions.*

Unless otherwise ordered by the Court, in the event the Settlement Agreement shall be terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20) business days after written notification of such event, counsel for Viking and Class Counsel shall notify each other of this event in writing.

2.13.1 In the event that the Settlement Agreement is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the

Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at that time as if no Settlement Agreement had been entered. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

2.13.2    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

2.13.3    The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.13.4    Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Viking; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Viking, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.13.5 All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

2.13.6 The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.13.7 The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.13.8 Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

2.13.9 Each counsel or other person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

2.13.10 The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

2.13.11     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

2.13.12     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

2.13.13     The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the state of Ohio, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to Ohio's choice of law principles.

2.13.14     The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _Juni 27, 2012_

By: _____
ANDAO SILBAUGH

Plaintiff and Class Representative

DATED: _____, 2012

By: _____

On behalf of Defendants

DATED: _____, 2012

Shaun K. Petersen (#0072444)
MacMurray, Petersen & Shuster LLP
6530 W. Campus Oval, Suite 210
New Albany, Ohio 43054
(614) 939-9955   (614) 939-9954 Fax
Email: *spetersen@mpslawyers.com*

Attorneys for Defendants

DATED: _June 27_, 2012

Nicole T. Fiorelli

Nicole T. Fiorelli, Esq. ( #0079204)
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391   (440) 352-3469 Fax
Email: nfiorelli@dworkenlaw.com

Attorneys for Plaintiff

DATED: _____, 2012

By: _____
    ANDAO SILBAUGH

Plaintiff and Class Representative

DATED: _June 28_, 2012

By: _____
On behalf of Defendants

DATED: _6/28_, 2012

_____
Shaun K. Petersen (#0072444)
MacMurray, Petersen & Shuster LLP
6530 W. Campus Oval, Suite 210
New Albany, Ohio 43054
(614) 939-9955  (614) 939-9954 Fax
Email: _spetersen@mpslawyers.com_

Attorneys for Defendants

DATED: _____, 2012

_____
Nicole T. Fiorelli, Esq. ( #0079204)
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email: nfiorelli@dworkenlaw.com

Attorneys for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION

ANDAO SILBAUGH,

       Plaintiff,

vs.

VIKING MAGAZINE SERVICES,

       Defendant.

CASE NO. 1:11-CV-01299

JUDGE PATRICIA A. GAUGHAN

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2. The Class Representative and Viking, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous

that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Andao Silbaugh are typical of the claims of the members of the proposed Class; (d) Class Representative Andao Silbaugh will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and (g) common issues will likely predominate over individual issues;

4.    The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.    The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.   The notice will be disseminated to the proposed Class consistent with the Settlement Agreement.   The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2.    Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be provided by letters to known claimants, and by publication on Facebook, consistent with the terms of the

Settlement Agreement.

3.      Within fourteen (14) days of this Order, Defendant shall pay to Class Counsel, for distribution to the Publication Notice Fund portion of the Settlement Fund, the amount of $20,000.

4.      A hearing shall be held before this Court on **[DATE]**, at **[TIME]**, in the Chambers of Judge Gaughan, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b)      At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c)      Class Counsel and counsel for the Defendants should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

5.      In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____ _____    _____

                                                        The Honorable Judge Patricia Gaughan
                                                        United States District Judge

# EXHIBIT B-1

**ATTENTION CONSUMERS.**
**This notice may affect your rights. Please read carefully.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

IN RE: ANDAO SILBAUGH v. VIKING MAGAZINE SERVICES

### SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

**To:** All persons sent Viking texts with an automatic telephone dialing system from February 14, 2011 and March 11, 2011-- **YOU MAY BE ELIGIBLE TO RECEIVE UP TO A $500.00 SETTLEMENT PAYMENT,** as set forth below.

Your rights may be affected by a lawsuit pending in the United States District Court for the Northern District of Ohio (the "Court"). Andao Silbaugh ("Plaintiff"), on behalf of all members of the class, has asserted that Viking Magazine Services ("Viking") violated certain requirements imposed by the Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff claims that Viking has sent unauthorized text messages using an automated telephone dialing system to consumers since February 14, 2011, in violation of the TCPA, and as more specifically set forth in the Complaint on file and available at the Court at 801 West Superior Avenue, Cleveland, Ohio 44113.

**The Viking text would have read as follows (or contained a similar message):**

**"Guess what! You were qualified to receive $250 in free gift cards today ONLY! To find out more call 888-863-5570! TXT STOP to STOP."**

Under the terms of the settlement, class members will be entitled to receive a Settlement Payment up to $500.00. The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement. The District Court has appointed Patrick J. Perotti and Nicole T. Fiorelli of Dworken & Bernstein Co., L.P.A., as class counsel to represent the named Plaintiff and the interests of the absent class members. The District Court will hold a hearing in this case on _____ to consider whether to approve the settlement and a request by plaintiffs' class counsel for attorneys' fees and costs, not to exceed the amount of $100,000.00.

If you believe you are a member of the class, a Full Notice describing the Settlement in more detail is available by (a) sending a written request for a copy of the Full Notice to Class Counsel at the following address: 60 South Park Place, Painesville, Ohio 44077; or (b) telephoning Class Counsel, Nicole T. Fiorelli, at 1-877-833-6370 and requesting a copy of the Full Notice. The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the Settlement, to exclude themselves from the Settlement, or to object.

If you would like to participate in the settlement and receive a Settlement Payment described above, you can simply complete the Settlement Claim Form at the end of this Summary Notice and provide the requested documentation and mail it to Dworken & Bernstein Co. LPA 60 South Park Place, Painesville, Ohio 44077, Attn: Viking Magazine Services Settlement, postmarked by

This is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the Settlement and related matters. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court.

If you wish to communicate with class counsel identified above, you may do so by writing to Nicole Fiorelli, Esq., 60 South Park Place, Painesville, Ohio 44077. Alternatively, you may call the offices of Attorney Fiorelli's firm at its toll free number 1-877-833-6370.

This notice is not to be construed as an expression of any opinion by the District Court with respect to the merits of the respective claims or defenses of the parties.

/s/ The Honorable Patricia Gaughan
United States District Court Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. PLEASE DO NOT CONTACT THE COURT.

---

### SETTLEMENT CLAIM FORM

Mail to: Dworken & Bernstein Co. LPA 60 South Park Place, Painesville, Ohio 44077, Attn: Viking Magazine Services Settlement

Name: _____

Address: _____

Phone: _____

Email Address: _____

I verify that I received a text message from Viking Magazine Services between the dates of 2/14/11 and 3/11/12 without having provided express consent to receive it.

_____
Signature

**YOU MUST ALSO ATTACH TO THIS FORM:**
Documentary evidence that you received a text message from Viking (see column on left for example of what the text would have looked like. For example, please attach a copy of your phone bill indicating the date of the text.

**ALL CLAIM FORMS MUST BE POSTMARKED BY** _____

# EXHIBIT B-2

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OHIO**

ANDAO SILBAUGH v. VIKING MAGAZINE SERVICES ("Viking"),
CASE NO.: CV 11-1299

## NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- All persons sent Viking texts with an automated telephone dialing system from February 14, 2011 and March 11, 2011, may be eligible to receive up to a $500.00 Settlement Payment.

- The settlement resolves a lawsuit over whether Viking violated certain requirements imposed by the Telephone Consumer Protection Act ("TCPA"). It avoids costs and risks to you from continuing the lawsuit; entitles consumers like you to Settlement Payment; and releases Viking from any liability.

- Court-appointed lawyers for the class will ask the Court for attorneys' fees and costs, not to exceed the amount of $100,000.00, which will be paid separately by Viking.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Settlement Payment. |
| **EXCLUDE YOURSELF** | Get no Settlement Payment. This is the only option that allows you to ever be part of any other lawsuit against the Viking, about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Settlement Payments will be distributed only if the Court approves the settlement and after appeals are resolved. Please be patient.

**1.      What is this lawsuit about?**

Andao Silbaugh ("Plaintiff"), on behalf of all members of the class, has asserted that Viking violated certain requirements imposed by the Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff claims that Viking sent text messages using an automated telephone dialing system to consumers without obtaining prior consent since February 14, 2011, in violation of TCPA, as specifically set forth in the Complaint on file and available at the Court at 801 West Superior Avenue, Cleveland, Ohio 44113. Viking denies any wrongdoing.

**2.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case Andao Silbaugh), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Patricia Gaughan is in charge of this class action.

**3.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Viking. The Plaintiff thinks she could have prevailed at a trial. Viking thinks the Plaintiff would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

**4.      How do I know if I am part of the settlement?**

Judge Patricia Gaughan decided that everyone who fits this description is a Class Member:

> *All persons sent Viking texts with an ATDS (automated telephone*
> *dialing system) from February 14, 2011 through March 11, 2011.*

The Viking text would have read as follows (or contained a similar message):

"Guess what! You were qualified to receive $250 in free gift cards today ONLY! To find out more call 888-863-5570! TXT STOP TO STOP."

**5.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can call the attorneys for the Class, Dworken & Bernstein Co., L.P.A., at 1-440-352-3391 or 1-877-833-6370; or you can fill out and return the claim form to see if you qualify.

**6.      What does the settlement provide?**

Class members who send in a valid claim form with the required documentation are entitled to receive a redeemable Settlement Payment for $500.00. Should the amount of total claims exceed $160,000.00, each Class member's $500.00 payment shall be reduced accordingly so that the total amount paid in Settlement Payments does not exceed $160,000.00.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement also requires that the Parties to the Litigation enter into a Consent Decree pursuant to which Viking will agree to continue to abide by the requirements of TCPA.

### 7. How can I get a Settlement Payment?

If you believe you are a member of the class and desire to participate in this settlement, you should completely fill out the "Proof of Claim" form that accompanies this Notice (see last page), attach the required documentation and return it to: Dworken & Bernstein Co. LPA 60 South Park Place, Painesville, Ohio 44077, Attn: Viking Magazine Services Settlement. The "Proof of Claim" must be postmarked by _____.

 Failure to fully follow the procedures will result in a class member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this case.

### 8. When would I get my Settlement Payment?

The Court will hold a hearing on _____ at __:__ __.M. to decide whether to approve the settlement.  If Judge Gaughan approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

### 9. What am I giving up to get a Settlement Payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Viking about the legal issues in *this case*. It also means that all of the Court's orders will apply to you and legally bind you.

### 10. Can I exclude myself from the Class?

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded.  Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed.  You must mail your exclusion request postmarked no later than _____ to:

Viking Magazine Services Settlement Exclusions
c/o Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

If you ask to be excluded, you will not get a Settlement Payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Viking in the future.

### 11. If I don't exclude myself, can I sue Viking for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Viking for the claims that this settlement resolves.  If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  If you have a pending lawsuit on matters not

addressed in this settlement, you may continue that lawsuit against Viking.

## 12.    If I exclude myself, can I get a Settlement Payment from this Settlement?

No.  If you exclude yourself, do not send in a claim form to ask for a Settlement Payment.

## 13.    Do I have a lawyer in this case?

The Court asked the law firm of Dworken & Bernstein Co., L.P.A. to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14.    How will these lawyers be paid?

Class counsel will ask the Court to approve payment of attorneys' fees and expenses not to exceed the amount of $100,000.00.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  In addition, class counsel will ask for payment of $5,000.00 to Andao Silbaugh for her services as Class Representative.  Viking will separately pay the fees, expenses, and payments that the Court awards.  Viking has agreed not to oppose these fees and expenses.  Viking will also pay $15,000.00 to Class Counsel to administer the settlement.

## 15.    How can I object to the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter that you object to *Silbaugh v. Viking Magazine Services*.  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than _____:

Nicole T. Fiorelli, Esq.
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

Shaun K. Petersen, Esq.
MacMurray, Petersen & Shuster LLP
6530 W. Campus Oval, Suite 210
New Albany, Ohio 43054

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

## 16.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## 17. When and where will the Court decide whether to approve the Settlement?

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on _____ at __:____ __.M. at the Court, 801 West Superior Avenue, Cleveland, Ohio 44113 in Judge Gaughan's chambers. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

## 18. Do I have to come to the Hearing?

No. Class Counsel will answer questions Judge Gaughan may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Silbaugh v. Viking Magazine Services,*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

## 20. What happens if I do nothing at all?

If you do nothing, you will not get a Settlement Payment from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Viking about the legal issues in this case, ever again.

## 21. How do I get more information?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 801 West Superior Avenue, Cleveland, Ohio 44113. If you wish to communicate with class counsel identified above, you may do so by writing to Nicole Fiorelli, Esq., Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, Ohio 44077. Alternatively, you may call the offices of Dworken & Bernstein at its toll free number [1-877-833-6370] and ask to speak with Attorney Fiorelli.

## PROOF OF CLAIM

---

#### SETTLEMENT CLAIM FORM

**Mail to:** Dworken & Bernstein Co. LPA 60 South Park Place, Painesville, Ohio 44077, Attn: Viking Magazine Services Settlement

**Name:** _____

**Address:** _____

Phone: _____

Email Address: _____

I verify that I received a text message from Viking Magazine
Services between the dates of 2/14/11 and 3/18/11 without
having provided express consent to receive it.

_____
Signature

**YOU MUST ALSO ATTACH TO THIS FORM:**
Documentary evidence that you received a text message
from Viking (see column on left for example of what the text
would have looked like). For example, please attach a copy of
your phone bill indicating the date of the text
.

**ALL CLAIM FORMS MUST BE**
**POSTMARKED BY** _____

NOTE: The Viking text would have read as follows (or contained a similar message): "Guess what! You were qualified to receive $250
in free gift cards today ONLY! To find out more call 888-863-5570! TXT STOP TO STOP."

# EXHIBIT B-3

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO

ANDAO SILBAUGH v. VIKING MAGAZINE SERVICES ("Viking"),
CASE NO.: CV 11-1299

### NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- All persons sent Viking texts with an automated telephone dialing system from February 14, 2011 through March 11, 2011, may be eligible to receive up to a $500.00 Settlement Payment.

- The settlement resolves a lawsuit over whether Viking violated certain requirements imposed by the Telephone Consumer Protection Act ("TCPA"). It avoids costs and risks to you from continuing the lawsuit; entitles consumers like you to Settlement Payment; and releases Viking from any liability.

- Court-appointed lawyers for the class will ask the Court for attorneys' fees and costs, not to exceed the amount of $100,000.00, which will be paid separately by Viking.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | You will get a Settlement Payment. |
| **EXCLUDE YOURSELF** | Get no Settlement Payment. This is the only option that allows you to ever be part of any other lawsuit against the Viking, about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Settlement Payments will be distributed only if the Court approves the settlement and after appeals are resolved. Please be patient.

1.    **What is this lawsuit about?**

Andao Silbaugh ("Plaintiff"), on behalf of all members of the class, has asserted that Viking violated certain requirements imposed by the Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff claims that Viking sent text messages using an automated telephone dialing system to consumers without obtaining prior consent since February 1, 2011, in violation of TCPA, as specifically set forth in the Complaint on file and available at the Court at 801 West Superior Avenue, Cleveland, Ohio 44113. Viking denies any wrongdoing.

## 2.    Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Andao Silbaugh), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Patricia Gaughan is in charge of this class action.

## 3.    Why is there a settlement?

The Court did not decide in favor of Plaintiff or Viking. The Plaintiff thinks she could have prevailed at a trial. Viking thinks the Plaintiff would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## 4.    How do I know if I am part of the settlement?

Judge Patricia Gaughan decided that everyone who fits this description is a Class Member:

> *All persons sent Viking texts with an ATDS (automated telephone dialing system) from February 14, 2011through March 11, 2011*

Viking's records indicate that you were sent a text message during this time period, and therefore you are a Class Member.

## 5.    I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call the attorneys for the Class, Dworken & Bernstein Co., L.P.A., at 1-440-352-3391 or 1-877-833-6370.

## 6.    What does the settlement provide?

Class members who do not opt-out of this Settlement and who either (a) have been identified as someone receiving a text from Viking within the time period of February 1, 2011 through June 18, 2012 (this is you) or (b) fill out a claim form and provide documentation evidencing receipt of a Viking text within the specified time period (this is not applicable to you; you do not need to provide anything) will receive a Settlement Payment for $500.00. Should the amount of total claims exceed $160,000.00, each Class member's $500.00 payment shall be reduced accordingly so that the total amount paid in Settlement Payments does not exceed $160,000.00.

The Settlement also imposes certain other requirements, which are set forth in detail in the Settlement Agreement.

The Settlement Agreement also requires that the Parties to the Litigation enter into a Consent

Decree pursuant to which Viking will agree to continue to abide by the requirements of TCPA.

**7.     How can I get a Settlement Payment?**

If you desire to participate in this settlement, you do not need to do anything.

**8.     When would I get my Settlement Payment?**

The Court will hold a hearing on _____ at ___:___ ___.M. to decide whether to approve the settlement.  If Judge Gaughan approves the settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

**9.     What am I giving up to get a Settlement Payment or stay in the Class?**

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Viking about the legal issues in *this case*. It also means that all of the Court's orders will apply to you and legally bind you.

**10.    Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded.  Your election to opt-out must contain the following information and must be signed by the class member opting-out: (1) the name of class member, (2) the current address of class member, and (3) the date signed.  You must mail your exclusion request postmarked no later than _____ to:

Viking Magazine Services Settlement Exclusions
c/o Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

If you ask to be excluded, you will not get a Settlement Payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Viking in the future.

**11.    If I don't exclude myself, can I sue Viking for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Viking for the claims that this settlement resolves.  If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against Viking.

**12.    If I exclude myself, can I get a Settlement Payment from this Settlement?**

No.  If you exclude yourself, you cannot also get a Settlement Payment.

**13.    Do I have a lawyer in this case?**

The Court asked the law firm of Dworken & Bernstein Co., L.P.A. to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these

lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14.    How will these lawyers be paid?

Class counsel will ask the Court to approve payment of attorneys' fees and expenses not to exceed the amount of $100,000.00. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, class counsel will ask for payment of $5,000.00 to Andao Silbaugh for her services as Class Representative. Viking will separately pay the fees, expenses, and payments that the Court awards. Viking has agreed not to oppose these fees and expenses. Viking will also pay $15,000.00 to Class Counsel to administer the settlement.

### 15.    How can I object to the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to *Silbaugh v. Viking Magazine Services*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must file the objection with the Clerk of the Court and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses postmarked no later than _____:

Nicole T. Fiorelli, Esq.
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

Shaun K. Petersen, Esq.
MacMurray, Petersen & Shuster LLP
6530 W. Campus Oval, Suite 210
New Albany, Ohio 43054

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

### 16.    What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 17.    When and where will the Court decide whether to approve the Settlement?

The District Court will hold a hearing to decide whether to approve the settlement. The Fairness Hearing will be held on _____ at __:___ .M. at the Court, 801 West Superior Avenue, Cleveland, Ohio 44113 in Judge Gaughan's chambers. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to plaintiffs' class counsel.

### 18.    Do I have to come to the Hearing?

No. Class Counsel will answer questions Judge Gaughan may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 19.     May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Silbaugh v. Viking Magazine Services,*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses in question 15. You cannot speak at the hearing if you excluded yourself.

## 20.     What happens if I do nothing at all?

If you do nothing, you will get a Settlement Payment from this settlement, and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Viking about the legal issues in this case, ever again.

## 21.     How do I get more information?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 801 West Superior Avenue, Cleveland, Ohio 44113. If you wish to communicate with class counsel identified above, you may do so by writing to Nicole Fiorelli, Esq., Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, Ohio 44077. Alternatively, you may call the offices of Dworken & Bernstein at its toll free number [1-877-833-6370] and ask to speak with Attorney Fiorelli.

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION

ANDAO SILBAUGH,

        Plaintiff,

vs.

VIKING MAGAZINE SERVICES,

        Defendant.

CASE NO. 1:11-CV-01299

JUDGE PATRICIA A. GAUGHAN

## [PROPOSED] ORDER

Before the Court is Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement, and Plaintiff's Unopposed Motion for Award of Attorney's Fees, Reimbursement of Expenses, and Payment of Plaintiff Incentive Award. Upon thorough review of said Motions and the accompanying Memorandum, Declarations of Class Counsel, and Exhibits, this Court finds Plaintiff's Motions well-taken.

WHEREFORE, the Court orders as follows:

1.     For the purposes of this Judgment and Order of Dismissal, this Court adopts all defined terms as set forth in the Class Action Settlement Agreement;

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and has personal jurisdiction over the class representative, the members of the settlement class and Defendants;

3.     Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

4.     With respect to the Rule 23 Class and for purposes of approving this settlement

only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Andao Silbaugh are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

5. The Court finds that the Notice to Class members constituted the best notice practicable and distribution of the notice was adequate and fully met the requirements of due process under the United States Constitution;

6. The Court approves the settlement of this case, as set forth in the Settlement Agreement, and finds that each of the releases and other terms are fair, reasonable, and adequate as to the Settling Parties and satisfies the requirements of Fed. R. Civ. P. 23;

7. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement, which includes, but is not limited to, payment by Viking as follows: Within fourteen (14) days after the Effective Date, Viking shall pay $135,000 towards the Settlement Fund; within forty-five (45) days of the Effective Date, Viking shall pay $20,000 towards the Settlement Fund. Every thirty (30) days thereafter, Viking shall pay $20,000 until Viking has paid $300,000 towards the Settlement Fund.

8.     All of the Released Claims are dismissed with prejudice, and the Settling Parties are to bear their own attorneys fees and costs, except as otherwise provided in the Settlement Agreement; the Court concludes the $100,000.00 in fees and expenses to be paid by Viking to Class Counsel are fair and reasonable under either the percentage of settlement or lodestar calculation methods;

9.     This Court approves the $5,000.00 incentive award payment to Plaintiff Silbaugh;

10.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class, and the Defendants for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

11.    This document is a judgment for purposes of Fed. R. Civ. P. 58;

12.    This matter is hereby DISMISSED, with PREJUDICE, and Clerk is directed to mark this case CLOSED.


IT IS SO ORDERED

DATED: _____          _____

                                        The Honorable Judge Patricia Gaughan
                                        United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION

ANDAO SILBAUGH,

   Plaintiff,

vs.

VIKING MAGAZINE SERVICES,

   Defendant.

CASE NO. 1:11-CV-01299

JUDGE PATRICIA A. GAUGHAN

## CONSENT ORDER

AND NOW, this ___ day of _____, 2012, it is hereby ORDERED AS FOLLOWS:

Defendant in the above captioned matter agree to and shall remain in full compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.. ("TCPA") by continuing to acquire consent from consumers prior to sending them text messages using an automated telephone dialing system.

BY THE COURT:

            _____
            The Honorable Patricia Gaughan
            United States District Court Judge

CONSENTED TO:

DATED: _____, 2012

            /_____
            Shaun K. Petersen (#0072444)
            MacMurray, Petersen & Shuster LLP
            6530 W. Campus Oval, Suite 210
            New Albany, Ohio 43054
            (614) 939-9955  (614) 939-9954 Fax
            Email: *spetersen@mpslawyers.com*

            Attorney for Defendant

# EXHIBIT E
## [REDACTED]

# EXHIBIT F

## Memorandum

*I. An Overview of Facebook Advertising*

Facebook advertisements, unlike newspaper or magazine ads, are effectively an auction for page space. Facebook can embed between 2 and 6 ads per page, depending on the page. This means that thousands of advertisements are competing for those few slots. An auction is an efficient method of ensuring that Facebook receives the most money for its ad space.

When you create an ad campaign, you set a bid for the ad. As part of loading each page, Facebook conducts the automated auction. Unlike a normal auction, however, the highest monetary bid does not automatically win the auction. Using an undisclosed algorithm, Facebook converts the bid amounts to an ad score and then weights each score based on how likely that ad is to be clicked. For this reason, Facebook encourages advertisers to use demographic criteria (discussed below) to target their ads precisely to an audience. Two major factors are considered for determining the weight used: demographic targeting and the ad's past performance. The top scorers, after the weight is applied, are placed on the page in order of their bids.[1]

For example, imagine an ad for a Cleveland BMX bike shop. This ad would probably be targeted at males under 30 in northern Ohio with an interest in bicycles or racing. Let's also say that one person in ten who saw this ad clicked on it, a 10% click-through rate – a very strong performance. This bike shop ad would never enter the auction for a woman, or a 45-year-old man, or someone in Chicago. However, for any user which meets its demographic criteria, the ad would receive a significant weight which might let it edge out competitors who bid more.

Unlike a normal auction, a bid is not necessarily the full amount that must be paid after the auction is concluded. Facebook automatically reduces winning bid amounts so that they barely edge out the competition, and only charges that reduced amount. This means that, even if a $5.00 bid was placed, Facebook will reduce the amount charged to $1.51 if that amount would have won the auction.[2] Facebook also uses an automated system to attempt to identify "false clicks" that were not actually interested in the ad, and does not charge for such false clicks.[3]

---

[1] Facebook.com Advertising. "Does selecting CPC or CPM influence the placement of my ad or the amount of exposure it will receive?" http://www.facebook.com/help/?faq=125430440869478#Does-selecting-CPC-or-CPM-influence-the-placement-of-my-ad-or-the-amount-of-exposure-it-will-receive?

[2] Facebook.com Advertising. "Why is my average CPC or CPM less than my bid?"
http://www.facebook.com/help/?faq=150612021676307#-Why-is-my-average-CPC-or-CPM-less-than-my-bid?-

[3] Facebook.com Advertising. "What kinds of clicks does Facebook consider invalid?"

Because of the weighted scoring system, ad design and targeting are critical to a successful Facebook ad campaign. An attractive ad with informative and compelling text is likely to perform better; an ad that is targeted to a specific audience receives a competitive advantage. Facebook allows advertisers to target their ad based on a number of criteria, all drawn from the viewer's Facebook account, including: gender, age, location, interests, sexual preference, relationship status, languages, education level, and workplace.

Facebook ads are charged based on one of two schemes: cost-per-click (CPC), which bills the ad's owner each time someone clicks the ad's link; and cost-per-impression (CPM), which bills the ad's owner for every 1000 times the ad is displayed. Each method has different advantages. Cost-per-click ads are better for campaigns that need to attract users to a specific website, while cost-per-impression ads should be designed to raise awareness of a product or brand.

Facebook offers another form of price control: spending limits. Advertisers can specify either a daily or a lifetime spending limit for their ad campaign. When the limit is reached, the ad ceases to be shown. In the case of a daily limit, the ad reenters the auction on the next calendar day. This ensures that a campaign cannot exceed its budget.

*II. Advertising Campaign for Silbaugh Settlement Notices* (budget – approximately $20,000)

*A. General Considerations.* One limitation in this case is that there is no consistent theme that unites the class. Anyone could have received a text message from Viking. Despite being unable to use demographic targeting, we should still be able to get visibility.



All Facebook ads are built on the model shown above. We can choose one small (110x80 pixels) accompanying image, a 25-character title, and a 90-character body. The ad we will run is set forth below:

---

http://www.facebook.com/help/?faq=186356618080290#What-kinds-of-clicks-does-Facebook-consider-invalid?

**Have you received text ads?**

 Click here. You may qualify for a legal settlement payment from Viking Magazine for unsolicited texts.

Because we are primarily interested in directing potential class members to the settlement website, a cost-per-click payment scheme is definitely the best choice for this situation. We are primarily interested in people clicking the ad to view the notice. By the same token, we will be best served by setting lifetime spending limits rather than daily limits; our first concern is attracting potential class members, not having a long-term campaign to raise awareness of the situation. To that end, we want our ad to be competing in as many auctions as possible.

Since we cannot substantially improve our campaign with demographic targeting, we will be prepared to place high bids. Facebook currently suggests a bid between $0.70 and $1.16 for an ad targeting all adults in the United States; based on this, we should bid $3-5 per click to increase the likelihood of ending up with the highest bids (before weighting, at least). It is likely that we wouldn't actually pay the full amount of our bid in most cases.

With these considerations in mind, here is the proposed two-phase notice plan.

*B. Phase One.* This 15-day campaign will serve as a test-bed for the ad to identify the users most likely to respond. Phase One uses a limited form of demographic targeting to create four age-groups of viewers: 18-26 years, 27-36 years, 37-50 years, and 51-64+ years.[4] Each group will have its own campaign, funded by approximately $2500 a piece for a total of $10,000. If the bid values are set at $4.00, there will be a minimum of 625 clicks per group. See e.g.

| Phase One | Duration | $/Campaign | Min. Clicks |
|---|---|---|---|
| 18-26 years | 15 days | $2,500.00 | 625 |
| 27-36 years | 15 days | $2,500.00 | 625 |
| 37-50 years | 15 days | $2,500.00 | 625 |
| 51-64+ years | 15 days | $2,500.00 | 625 |

*C. Phase Two.* After 15 days have elapsed, we can evaluate the results of each campaign

---

[4] These age ranges were selected to keep the number of Facebook users in each group under 70 million individuals.

and prioritize Phase Two funding for the most successful age ranges. Funding for each age group should be apportioned based on its click-through rate. We can also use this time to tweak the ad and bid values if we have noticed deficiencies. There will be at least approximately $10,000 apportioned for Phase Two. Any funds remaining from Phase One will also be apportioned to Phase Two.

*III. Comparison to Newspaper Notice*

The U.S.A. today, a national newspaper, has a circulation of around 1.8 million.[5] Facebook has approximately 900 million users.[6] As a result of the greater number of Americans being on-line as opposed to reading and responding to legal ads in newspapers, commentators have noted that on-line class action notices may better comport with due process.[7]

---

[5] See http://en.wikipedia.org/wiki/USA_Today (last accessed May 21, 2012)

[6] http://en.wikipedia.org/wiki/Facebook (last accessed May 21, 2012)

[7] See e.g. http://blogs.reuters.com/felix-salmon/2010/11/19/can-legal-due-process-move-online/ (last accessed May 21, 2012); http://lawyerist.com/class-action-notice-by-publication/ (last accessed May 21, 2012)